FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

CIVIL ACTION NO.
C9-MC-10063
RWZ

HEIDI K. ERICKSON,
*Plaintiff*
U.S. DISTRICT COURT
DISTRICT OF MASS.

2009 FEB 23 P 4:09

v.

COMMONWEALTH OF MASSACHUSETTS, ADMINISTRATIVE OFFICES
OF THE TRIAL COURT, HOUSING COURT DEPARTMENT, HON ROBERT
MULLIGAN, HON. ANNE KENNEY CHAPLIN, HON ROBERT PIERCE,
AND BARBARA GARDNER, MARK JEFFRIES and ROGER ALBRECHT
*Defendants*

---

**MEMORANDUM OF LAW**
IN SUPPORT
OF FILING SUIT AGAINST THE CAPTIONED DEFENDANTS
IN THEIR OFFCIAL CAPACITY

IN SUPPORT
'GOOD FAITH STATEMENT'
as required by Judge Woodlock upon your Enjoined Plaintiff

FOR REVIEW BY THE PRO SE LAW CLERK
FOR JUDGE ZOBEL

TABLE OF CONTENTS

PAGE
INTEREST OF THE UNITED STATES ...................................................................3
STATEMENT OF THE ISSUE ..........................................................................3
STATEMENT OF THE CASE ..........................................................................3

ARGUMENT
I

COURTS HAVE HELD AND THE US DOJ HAS FILED AMECUS BRIEFS
THAT PRIVATE PLAINTIFFS MAY ENFORCE THE REQUIREMENTS
OF TITLE II OF THE ADA THROUGH EX PARTE YOUNG SUITS........................ 4

CONCLUSION ................................................................................................ 6

TABLE OF AUTHORITIES

CASES:                                                                      PAGE

1

*Alden v. Maine*, 527 U.S. 706 (1999) ............................................................................................... 5
*Alsbrook v. City of Maumelle*, 184 F.3d 999 (8th Cir. 1999) ..........................................................4, 5, 6
*Armstrong v. Wilson*, 124 F.3d 1019 (9th Cir. 1997), cert. denied, 524 U.S. 937 (1998). ........5
*Bill M. v. Nebraska Dept. Hlth & Human Srvs Finance & Supt*, 408 F.3d 1096(2005)..........6
*Bruggeman v. Blagojevich*, 324 F.3d 906 (7th Cir. 2003) ...............................................................5
*Carten v. Kent State University*, 282 F.3d 391 (6th Cir. 2002) ......................................................9
*Edelman v. Jordan*, 415 U.S. 651 (1974) ............................................................................................5
*Ex parte Young*, 209 U.S. 123 (1908)...........................................................................................3, 4, 5, 6
*Green v. Mansour*, 474 U.S. 64 (1985) ...............................................................................................5
*Henrietta D. v. Bloomberg*, 331 F.3d 261 (2d Cir.), cert. denied, 541 U.S. 936 (2003) .........5
*Int. Broth. of Electric Workers, Local Union No. 545 v. Hope Electric Corp.*, 380 F.3d
1084 (8th Cir. 2004) ............................................................................................................................ 9
*Jones v. Gale*, 405 F. Supp. 2d 1066 (D. Neb. 2005) ...................................................................... 4
*Jones v. Gale*, Appeals Court No. 06-1308, Eighth Cir.(Amicus Brief) ..................................4, 6
*Kentucky v. Graham*, 473 U.S.159 (1985) ..........................................................................................5
*Lyng v. Northwest Indian Cemetery Protective Ass.*, 485 U.S. 439 (1988)..............................6
*Prout v. Starr*, 188 U.S. 537 (1903) .....................................................................................................5
*Randolph v. Rodgers*, 253 F.3d 342 (8th Cir. 2001).................................................................3, 4, 6
*Reickenbacker v. Foster*, 274 F.3d 974 (5th Cir. 2001) .................................................................5
*Roe No. 2 v. Ogden*, 253 F.3d 1225 (10th Cir. 2001) .....................................................................5
*Tennessee v. Lane*, 541 U.S. 509 (2004) ........................................................................................... 6
*United States v. Georgia*, 126 S. Ct. 877 (2006) ..............................................................................6
*United States v. Nebraska Dept. of Health & Hum. Services Finance & Support*,
No. 05-777, 2006 WL. 985631 (U.S. Apr. 17, 2006) ..................................................................6
*Verizon Maryland, Inc. v. Public Serv. Commission*, 535 U.S. 635 (2002) ..............................5
*Wessel v. Glendening*, 306 F.3d 203 (4th Cir. 2002) ......................................................................5


CONSTITUTION AND STATUTES:

Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. 12101 et seq.,
42 U.S.C. 12111-12117 (Title I) ................................................................................................ 3
42 U.S.C. 12131-12165 (Title II) ..........................................................................................3, 4, 6
42 U.S.C. 12181-12189 (Title III) .............................................................................................3
42 U.S.C. 12101 et seq ...................................................................................................................3
42 U.S.C. 12101(b)(1) ....................................................................................................................3
42 U.S.C. 12131(1) .........................................................................................................................3
42 U.S.C. 12131(2) .........................................................................................................................3
42 U.S.C. 12132 ...............................................................................................................................3
42 U.S.C. 12133 ...............................................................................................................................3
42 U.S.C. 1983 .................................................................................................................................4

## PUBLIC INTEREST OF THE UNITED STATES

The jurisdiction of this suit appropriate in the Federal District Court and involves the ability of individuals (specifically Heidi K. Erickson) to seek judicial enforcement of Title II of the Americans with Disabilities Act against state officials for injunctive relief.

The US Attorney General has authority to enforce Title II. See 42 U.S.C. 12133. However, because of the inherent resource limitations of the United States, the United States has an interest in ensuring that the Disabilities Act can be enforced in federal court by private parties to the extent permitted by the statute and the Constitution. Therefore Erickson copied a previously filed Amicus Brief specially as to the inherent issues surrounding the questions of filing suit against state officials for injunctive relief.

## STATEMENT OF THE ISSUE

The United States could in this case, as it has in Amicus Briefs filed in similar situations from which Ms. Erickson has copied those issues of the following question:

*Whether an individual* may sue a state official in his/her official capacity to enjoin continuing violations of Title II of the Americans with Disabilities Act. *Exparte Young*, 209 U.S. 123 (1908); *Randolph v. Rodgers*, 253 F.3d 342 (8th Cir.2001).

## STATEMENT OF THE CASE

1. Congress enacted the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. 12101 et seq., to establish a "comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. 12101(b)(1). The ADA targets three particular areas of discrimination against persons with disabilities. Title I, 42 U.S.C. 12111-12117, addresses discrimination by employers affecting interstate commerce; Title II, 42 U.S.C. 12131-12165, addresses discrimination by governmental entities in the operation of public services, programs, and activities, including transportation; and Title III, 42 U.S.C. 12181-12189, addresses discrimination in public accommodations operated by private entities.

This case involves a suit filed under, *inter alia*, Title II. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. 12132. A "public entity" is defined to include "any State or local government" and its components. 42 U.S.C. 12131(1)(A) and (B). A "[q]ualified individual with a disability" is a person "who, with or without reasonable modifications * * * meets the essential eligibility requirements" for the governmental program or service. 42 U.S.C. 12131(2). The language of Title II contemplates private suits against public entities. 42 U.S.C. 12133.

2. In this case, the enjoined plaintiff (Ms. Erickson) filed suit against state officials in their official capacities, challenging the refusal to modify a policy, denied access to the Court's programs and failure of due process when she attempts to access the Plymouth Court House or the S.E. Housing Court with her documented service dog. The plaintiff argues that she is an otherwise qualified individual as defined in the ADA and that the Defendants have violated various provisions of the federal constitution, 42 U.S.C.sec.1983, and Title II of the Americans with Disabilities Act, 42 U.S.C. 12131, et seq. and seek declaratory and injunctive relief. See Amicus Brief filed by the DOJ in, Jones v. Gale, Appeals Court No. 06-1308, Eighth Cir.

Plaintiff Heidi K. Erickson contends that she is otherwise a qualified person with multiple disabilities, and that her disabilities prevent her from working and performing daily physical

3

functions. Erickson also contends that she requires her service dog and modifications to the court's programs because of her disability and requires that she have ready access to the court accompanied by her service dog. Without these modifications this effect of denying her access to the court's program because of her disabilities violates Title II of the ADA. The defendants presumably will argue or may attempt to argue, asserting, that they enjoy Eleventh Amendment immunity to the plaintiffs' claims under the ADA.

## ARGUMENT

### COURTS HAVE HELD THAT PRIVATE PLAINTIFFS MAY ENFORCE THE REQUIREMENTS OF TITLE II OF THE ADA THROUGH EX PARTE YOUNG SUITS

The defendants may assert that they have Eleventh Amendment immunity to the plaintiffs' claims under the ADA. As the defendants previously claimed in 03-10460, the plaintiff has filed suit against both the State the courthouse and a court department; and defendants/state officials in their official capacities. The plaintiff is seeking Prospective injunctive and declaratory relief.

Nevertheless, the defendants may claim that they enjoy Eleventh Amendment immunity to the plaintiff's claims, relying on a holding in *Alsbrook v. City of Maumelle*, 184 F.3d 999 (8th Cir. 1999) (en banc), that Title II of the ADA does not validly abrogate States' immunity.

That argument simply is a misunderstanding of the reach of the Eleventh Amendment. The plaintiff attempts to file the instant action under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), which permits private plaintiffs to ensure that state entities comply with the requirements of federal law by suing state officials in their official capacities for prospective injunctive relief. Where a plaintiff seeks relief in an Exparte Young action, a State's Eleventh Amendment immunity is not implicated.

Thus, the defendants' potential argument that Congress has not validly abrogated The Defendants' Eleventh Amendment immunity to claims under Title II of the ADA is irrelevant.

1. This Court has already held that private plaintiffs may enforce the requirements of Title II through Ex parte Young suits. In *Randolph v. Rodgers*, 253 F.3d 342, 346-348 (8th Cir. 2001), this Court held that, notwithstanding the holding of *Alsbrook*, plaintiffs may pursue claims for prospective injunctive relief against state officials in their official capacities. The defendants in the instant case should acknowledge the holding of *Randolph* and should not even attempt to argue that *Randolph* was wrongly decided. The defendants may assert that, "if Congress did not have the authority to abrogate the state's sovereign immunity, then Plaintiff should not be allowed to end-run around the state's sovereign immunity and be allowed to enforce a law, under the auspices of Ex parte Young, [that] Congress did not have the authority to adopt." But it is long-settled that plaintiffs are permitted to do exactly that: to enforce the requirements of federal law against state officials regardless of whether plaintiffs could sue the State directly to enforce such requirements or seek money damages for a State's failure to adhere to such requirements.

For over a hundred years, the Supreme Court has consistently permitted Exparte Young suits to enforce federal requirements such as those in Title II even though the Eleventh Amendment would bar such a suit against the State or state agency directly. See, e.g., *Prout v. Starr*, 188 U.S. 537, 543-544 (1903); *Ex parte Young*, 209 U.S. 123 (1908); *Verizon Maryland, Inc. v. Public*

4

*Serv. Comm'n*, 535 U.S. 635 (2002). Although the Eleventh Amendment bars private suits against a State sued in its own name (absent a valid abrogation by Congress or a waiver by the State), the Eleventh Amendment does not authorize States to violate federal law. It was to reconcile these very principles – that States have Eleventh Amendment immunity from private suits, but that they are still bound by federal law – that the Supreme Court adopted the rule of Ex parte Young. See *Alden v. Maine*, 527 U.S. 706, 756 (1999). "Both prospective and retrospective relief implicate Eleventh Amendment concerns, but the availability of prospective relief of the sort awarded in Ex parte Young gives life to the Supremacy Clause.

Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law." *Green v. Mansour*, 474 U.S. 64, 68 (1985); see also *Alden*, 527 U.S. at 757 ("Established rules provide ample means to correct ongoing violations of law and to vindicate the interests which animate the Supremacy Clause."). The Court held in Ex parte Young, 209 U.S. 123 (1908), that, when a state official acts in violation of the Constitution or federal law (which the Constitution's Supremacy Clause makes the "supreme Law of the Land"), he is deemed to be acting ultra vires and is no longer entitled to the State's immunity from suit. The Ex parte Young doctrine has been described as a legal fiction, but it was adopted by the Supreme Court a century ago to serve a critical function in permitting federal courts to bring state policies and practices into compliance with the constitution and federal laws. The doctrine permits only prospective relief, see *Edelman v. Jordan*, 415 U.S. 651, 664, 667-668 (1974), against an official in his or her official capacity, see *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). The rule of Ex parte Young avoids courts entering judgments directly against the State but, at the same time, prevents the State (through its officials in their official capacities) from continuing illegal action. Thus, the Eleventh Amendment is no bar to a suit proceeding against a state official in his official capacity for prospective injunctive relief. Indeed, every court to consider whether plaintiffs may enforce Title II through Ex parte Young suits – including this Honorable Court – has concluded that such suits are permitted. See, e.g., *Henrietta D. v. Bloomberg*, 331 F.3d 261, 287-288 (2d Cir.), cert. denied, 541 U.S. 936 (2003); *Wessel v. Glendening*, 306 F.3d 203, 207 n.4 (4th Cir. 2002); *Reickenbacker v. Foster*, 274 F.3d 974, 976 (5th Cir. 2001); *Carten v. Kent State Univ.*, 282 F.3d 391, 395-397 (6th Cir. 2002); *Bruggeman v. Blagojevich*, 324 F.3d 906, 912-913 (7th Cir. 2003); *Randolph v. Rodgers*, 253 F.3d 342, 346-348 (8th Cir. 2001); *Armstrong v. Wilson*, 124 F.3d 1019, 1025-1026 (9th Cir. 1997), cert. denied, 524 U.S. 937 (1998); *Roe No. 2 v. Ogden*, 253 F.3d 1225, 1233 (10th Cir. 2001).

2. As this Court may see in *Randolph*, therein the 8th Circuit held "*Congress enacted the ADA invoking its powers under both Section 5 of the Fourteenth Amendment and the Commerce Clause.*" 253 F.3d at 348 n.12. The defendants may argue only that Title II is not valid Section 5 legislation, relying on *Alsbrook*. In any case, it is the position of the Plaintiff and of the United States in its Amicus Briefs (see *Jones v Gale id*) that *Alsbrook* was superceded by the Supreme Court's holding in *Tennessee v. Lane*, 541 U.S. 509 (2004), that Title II validly abrogates States' Eleventh Amendment immunity in at least some applications. See also *United States v. Georgia*, 126 S. Ct. 877 (2006). Although this the 8th Circuit rejected that:

A.
Because the plaintiffs were proceeding under the doctrine of Ex parte Young and do not challenge the validity of Title II under the Commerce Clause, this case does not directly raise the question whether Title II is constitutional under either Section 5 of the Fourteenth Amendment or the Commerce Clause. The Supreme Court has long held that a "fundamental and longstanding

5

principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." *Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988). Accordingly, this Court should not pass on the constitutionality of Title II. However, if the Court feels that it is necessary to do so, Your Enjoined Plaintiff copies the United States requests in *Jones id* that the Court certify the constitutional question to the U.S. Attorney General, as required by any rule so similar to Federal Rule of Appellate Procedure 44, and permit the United States an opportunity to intervene to defend the constitutionality of Title II. position in *Bill M. v. Nebraska Dept. of Health & Human Srvcs Finance & Support*, 408 F.3d 1096, 1099-1100 (2005), the Supreme Court recently vacated that decision, see *United States v. Nebraska Dept. of Health & Hum. Servs. Fin. & Support*, No. 05-777, 2006 WL 985631 (U.S. Apr. 17, 2006), thereby reopening the question whether Title II validly abrogates States' immunity in a variety of contexts. As the United States has argued to the 8th Circuit Court in previous cases, Title II is a valid exercise of Congress's authority under both Section 5 of the Fourteenth Amendment and the Commerce Clause.

Therefore, this Court should assume for the purposes of entry of suit, that Title II is a valid exercise of Congress's Commerce Clause authority, and allow your Enjoined Plaintiff to file suit in this Honorable US District Court. This Court could look to *Randolph*, 253 F.3d at 348 n.12 (assuming that Title II is valid Commerce Clause legislation because neither party asserted that it is not) at this early stage in the proceedings. Thus, allowing that private plaintiffs may enforce the requirements of Title II of the ADA by seeking prospective injunctive relief from state officials in their official capacities.

## CONCLUSION

This Court should reject any assertion that the defendants' could enjoy Eleventh Amendment immunity to the plaintiffs' claims under Title II of the ADA. In 2006 the US Attorney filed Amicus Briefs (*Jones v. Gale*, Appeals Court No. 06-1308, Eighth Cir.) to Defend the Constitutionality of the ADA -- The Department intervened to defend the constitutionality of private title II lawsuits against State agencies also in *Spencer v. Earley* (Eastern District of Virginia); *Prye v. Blunt* (Western District of Missouri). Therefore, since it is also in the interest of the United States that private citizen are able to file suit pursuant to ADA Title II Your Enjoined Litigant should be approved to file her Complaint and seek immediate relief in suit against the Commonwealth and its state officials in the professional capacity.

Respectfully submitted,

Heidi K. Erickson,
Dated Boston, MA  February 23rd, 2009
PO Box 380445 Cambridge, MA 02238-0445
(617) 319-4000  heidi@heidi-erickson.us

6